# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                 Criminal No. 98-0943 JC

JUAN GOMEZ-CARDENAS,

       Defendant.

## ORDER RECONSIDERING MOTION TO DISMISS

THIS MATTER came on for *sua sponte* reconsideration of Defendant's Motion to Dismiss Pursuant to 18 U.S.C. § 3162(a)(2), filed March 2, 1999. On March 5, 1999, I denied the motion on the basis that the March 8, 1999 trial setting fell within the deadline imposed by the Speedy Trial Act because the defendant was responsible for at least fourteen days of excludable delay with his oral motion for a change of plea in January. Subsequently the trial was continued to the March 23, 1999 Las Cruces docket. Thus, I find it necessary to readdress the motion to determine if other excludable periods of delay exist. For the following reasons, I find that the indictment must be dismissed but the dismissal will be without prejudice.

Both the United States and the defendant have asserted that the 70-day deadline for trial began to run on the day of the indictment--December 3, 1998. Indeed, pursuant to 18 U.S.C. § 3161(c)(1), the defendant must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date occurs last." It was

in this context that I previously analyzed Defendant's claim that his speedy trial rights had been violated.

In subsequently reviewing the docket sheet, however, I discovered a speedy trial issue that neither of the parties has ever brought to the attention of a judicial officer.[1] Defendant's first appearance before the Magistrate Judge was held August 5, 1998 on a criminal complaint charging him with reentry after deportation following conviction for an aggravated felony. He had been arrested two days earlier and he has been detained ever since. I became concerned when I realized that the grand jury issued an indictment on this charge some four months after the defendant's arrest.

The case file shows that on August 8, 1998, the defendant and his attorney signed and filed a document entitled "Waiver."[2] In the document, Defendant Gomez-Cardenas purportedly "waives" his right to a speedy indictment.[3] The "waiver" recites that the parties were "negotiating with the United States Attorney's Office for a pre-indictment plea agreement" and that the execution and filing of the "waiver" was required for the defendant to be eligible for a pre-indictment plea. The defendant states that he understands that his case will be presented to a grand jury "at a later date" if he is unable to reach an agreement with the United States Attorney's Office.

---

[1] The Act squarely places upon the defendant "the burden of asserting a violation of the statute, explicitly providing that the '[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.'" United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir.1995) (quoting 18 U.S.C. § 3162(a)(2)). Defendant Gomez-Cardenas asserts a different type of violation of his right to a speedy trial and has sought relief pursuant to § 3162(a)(2). I believe, however, that I am not free to ignore a related clear violation of the Act that would be subject to the sanctions set forth in § 3162(a)(1) and must address it *sua sponte*. See United States v. Saltzman, 984 F.2d 1087, 1091 ("judges' collective failure to make any § 3161(h)(8)(a) 'ends of justice' findings is a blatant disregard to detail and an abandonment of their obligation to protect the rights of the Defendant and of the public").

[2] A copy of the "waiver" is set forth as Appendix 1 to this Order.

[3] "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

The Tenth Circuit addressed this very issue in <u>United States v. Saltzman</u>, 984 F.2d 1087 (10th Cir. 1993). In <u>Saltzman</u>, the trial court *sua sponte* ordered dismissal of the information on the basis that the defendant's similar purported "waiver" of his right to a speedy indictment was invalid as a matter of law. <u>Id.</u> at 1090. The Tenth Circuit agreed that such a waiver in itself was ineffective to toll the time deadlines set by the Speedy Trial Act.

> The Government contends that Mr. Saltzman knowingly waived his right to a speedy indictment. This contention fallaciously assumes a defendant has the authority to waive the speedy indictment provision. The right to a speedy indictment belongs to both the defendant and society. [cite omitted] Therefore, provisions of the Speedy Trial Act cannot be waived by a defendant acting unilaterally because it would compromise the public interest in speedy justice . . . . Consequently, the Defendant's purported 'waivers' of his right to a speedy indictment do not extend the statutory thirty-day period in which an indictment must be filed. 'The fact that the defendant has requested the continuance or consents to it is not in itself sufficient to toll the operation of the time limits.'

<u>Id.</u> at 1091, quoting Administrative Office of the United States Courts, Amended Speedy Trial Act Guidelines (Aug.1981), reprinted in Robert L. Misner, Speedy Trial Federal and State Practice, app. B 775 (1983).

The <u>Saltzman</u> court went on to explain that the "applicable law is clear." A Defendant's attempted waiver of his speedy trial rights is necessarily invalid unless the court simultaneously makes the specific findings required by 18 U.S.C. § 3161(h)(8)(A) "that the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial."[4] "Failure to address these issues on the record creates the unnecessary risk of granting continuances for the wrong purposes, and encourages overuse of this narrow exception." <u>United States v. Doran</u>, 882 F.2d 1511, 1515 (10th Cir. 1989).

---

[4] "Moreover, the statute imposes an obligation upon the court to reject a waiver offered by the Defendant." <u>Saltzman</u>, 984 F.2d at 1091, citing <u>United States v. Pringle</u>, 751 F.2d 419, 434 (1st Cir. 1984).

Although the Magistrate Judge signed the "Waiver" in this case, the absence of any simultaneous "ends of justice findings" is evident. Thus, it appears that neither the prosecution nor the court sufficiently addressed the public's interest in a speedy trial and weighed it against the Defendant's desire to waive indictment in hopes that a negotiated resolution would result in a lesser charge or punishment. The <u>Saltzman</u> decision dictates that the untimely indictment against Defendant Gomez-Cardenas be dismissed.

In determining whether to dismiss the indictment with or without prejudice, I am to consider the following factors listed in § 3162(a)(1): "[T]he seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice." Evaluating the totality of the factors under § 3162(a)(1), I conclude that the indictment in this cause will be dismissed without prejudice.

The charged offense--reentry after deportation following conviction for assault with a deadly weapon--carries a maximum sentence of incarceration for twenty years. Obviously the seriousness of the offense weighs heavily in favor of dismissal without prejudice.

Likewise, the circumstances discussed above argue for a "without prejudice" dismissal. As in <u>Saltzman</u>, the defendant and his counsel specifically acknowledged in the purported waiver that Gomez-Cardenas fully understood his right to a thirty-day indictment. Having completely acquiesced to the postponement of his indictment in hopes of a reduced sentence, the defendant is at least partially responsible for the delay .

The impact of reprosecution also supports dismissal without prejudice. The Defendant has not articulated any impairment of his ability to mount a defense. The Court is unaware of any other

case in this district in which either the government or defense counsel have raised the issue of the validity of a waiver for speedy indictment or requested "ends of justice" findings in conjunction with the purported waiver. Having now brought this issue to the attention of the government should be sufficient to ensure future compliance with the Speedy Trial Act.

Wherefore,

IT IS ORDERED that the indictment in this cause be, and hereby is, dismissed without prejudice.

DATED this 12th day of March, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:      Christopher A. Buscaglia
                            Assistant U. S. Attorney
                            U. S. Attorney's Office
                            District of New Mexico
                            Las Cruces, New Mexico

Counsel for Defendant:      Cesar Pierce-Varela
                            Las Cruces, New Mexico